**UNITED STATES DISTRICT COURT** **EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | CASE NO. 1:20-CR-79(12) |
| | § | |
| JAHCOV JOHNSON | § | |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Jahcov Johnson's ("Johnson") *pro se* Motion for Early Termination of Supervised Release (#493), wherein Johnson seeks early termination of his three-year term of supervised release. Johnson's United States Probation and Pretrial Services ("Probation") Officer in the Southern District of Texas expressed that she did not oppose early termination upon Mr. Johnson's completion of one year of supervised release. The Eastern District of Texas Probation Office, however, opposes the request for early termination and recommends that supervision continue as ordered. The United States Attorney's Office advised Probation that it is opposed to early termination of Johnson's supervised release. Having considered the motion, the viewpoints of Probation, the Government's position, the record, and the applicable law, the court is of the opinion that Johnson's motion should be denied.

I. Background

On September 20, 2020, a federal grand jury in the Eastern District of Texas returned an eight-count Indictment against Johnson and fifteen co-defendants, charging Johnson in Count One with Conspiracy with Intent to Distribute Methamphetamine in violation of 18 U.S.C. § 846. On May 13, 2022, after pleading guilty to Count One, Johnson was sentenced below the advisory guideline range to a term of 80 months' imprisonment, to be followed by a three-year term of

supervised release. He began serving his three-year term of supervised release on May 16, 2025, in the Southern District of Texas, and it is set to expire on May 15, 2028.

## II. Analysis

Title 18, United States Code, Section 3583(e) authorizes a district court to terminate supervised release at any time after the expiration of one year if, after considering certain of the factors set forth in Section 3553(a),[1] "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *accord United States v. Johnson*, 529 U.S. 53, 59-60 (2000); *United States v. Peters*, 856 F. App'x 230, 233 (11th Cir. 2021); *Herndon v. Upton*, 985 F.3d 443, 446 n.5 (5th Cir. 2021); *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020); *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); *United States v. Davies*, 746 F. App'x 86, 88-89 (3d Cir. 2018). In addition, the United States Sentencing Guidelines list supplemental factors that the court may wish to consider

---

[1] These factors include: the nature and circumstances of the offense and the defendant's history and characteristics; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a), 3583(e).

when determining whether to terminate the remaining term of supervised release.[2] "Early termination of supervised release is not an entitlement." *United States v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021). Instead, the defendant bears the burden of demonstrating that early termination is warranted. *Id.*; *United States v. Luna*, No. 1:95-cr-05036-AWI, 2018 WL 10156108, at *1 (E.D. Cal. Mar. 12, 2018), *aff'd*, 747 F. App'x 561 (9th Cir. 2018). Early termination "is not warranted as a matter of course." *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 WL 3703201, at *3 (D. Conn. Aug. 26, 2022). "To the contrary, it is only 'occasionally' justified." *United States v. Shellef*, No. 03-CR-0723 (JFB), 2018 WL 3199249, at *1 (E.D.N.Y. Jan. 9, 2018) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)). In fact, in *United States v. Bowe*, the United States Court of Appeals for the Fourth Circuit stated that "Congress has manifested an intent to require full service of supervised release for rehabilitative purposes." 309 F.3d 234, 240 (4th Cir. 2002) (citing *Johnson*, 529 U.S. at 53).

Although Johnson's Probation Officer in the Southern District of Texas has indicated that she does not oppose early termination, this fact, standing alone, is insufficient to justify granting Johnson's request for early termination. *See*, *e.g.*, *United States v. Boyd*, 606 F. App'x 953, 960 (11th Cir. 2015) ("Just as a federal prosecutor or probation officer cannot dictate a district court's

---

[2] Specifically, the Guidelines list: (i) any history of court-reported violations over the term of supervision; (ii) the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges); (iii) the defendant's substantial compliance with all conditions of supervision; (iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision; (v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and (vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant. U.S.S.G. § 5D1.4, Application Note B.

sentence, they likewise do not call the shots concerning a court's decision whether to terminate early a term of supervised release. A criminal sentence is the court's sentence, not the prosecutor's and not the probation officer's."); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022) (finding that although the Government and Probation did not oppose early termination, that fact, standing alone, was insufficient to justify granting the defendant's request for early termination of supervised release); *United States v. Hartman*, No. 3:00-cr-228-B(01), 2013 WL 524257, at *1 (N.D. Tex. Jan. 18, 2013) (denying defendant's request for early termination of supervised release despite the Government's recommendation that it be granted), *adopted by* 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *United States v. Grimaldi*, 482 F. Supp. 2d 248, 249 (D. Conn. 2007) (denying early termination even though the defendant's probation officer supported it).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90-00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022); *see Melvin*, 978 F.3d at 52. Compliance with the terms of supervised release and with the law alone is not enough to merit early termination; such conduct is expected and required. *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018) ("[M]ere compliance with the terms of supervised release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)."); *United States v. Bondy*, No. 19-232, 2026 WL 1282742, at *2 (E.D. La. May 11, 2026) ("full compliance . . . is merely what is expected of all people serving terms of supervised release." (quoting *Karacsonyi v. United States*, No. 97-1220, 1998 WL 401273, at *1 (2d Cir. June 10,

1998))); *United States v. Seymore*, No. CR 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014))); *Lynn*, 2022 WL 2446328, at *4 (although the defendant adhered to the conditions of his release, a balancing of the 18 U.S.C. § 3553(a) factors did not support early termination, noting that the defendant "engaged in constant serious criminal behavior when he was given chances before"); *United States v. Sandles*, No. 11-CR-204-PP, 2021 WL 3080995, at *3 (E.D. Wis. July 21, 2021) ("[C]ourts have held 'that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination.'" (quoting *United States v. O'Hara*, No. 00-cr-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011))); *United States v. Boudreaux*, No. 2:19-CR-00377-01, 2020 WL 7635708, at *1 (W.D. La. Dec. 22, 2020); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (citing 18 U.S.C. § 3583(e)(1)) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others); *see United States v. Berger*, No. CR 09-308, 2021 WL 2354517, at *5 (W.D. Pa. June 9, 2021) ("Compliance with the conditions of supervision, including refraining from engaging in criminal conduct and paying restitution, however, is required behavior while serving a term of supervised release."). As courts have observed, "if every defendant who complied with the terms of a supervised release were entitled to early termination, 'the exception would swallow the rule.'" *United States v. Kassim*, No. 15 Cr. 554-3 (KPF), 2020 WL 2614760, at *2

(S.D.N.Y. May 22, 2020) (citing *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998)).

While the court need not find extraordinary, compelling, or changed circumstances to justify an early termination of supervised release, this does not mean that such circumstances are irrelevant to ruling on a motion under § 3583(e)(1). *United States v. Ferriero*, No. 13-0592 (ES), 2020 WL 6701469, at *2 (D.N.J. Nov. 13, 2020) (citing *Melvin*, 978 F.3d at 53); *accord United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016). This is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, pursuant to 18 U.S.C. § 3553(a), it would be expected that something has changed that would justify an early end to a term of supervised release. *Melvin*, 978 F.3d at 53; *United States v. Jackson*, No. 11-55, 2022 WL 2789870, at *2 (W.D. Pa. July 15, 2022); *United States v. Santoro*, No. 21-76 (MAS), 2022 WL 37471, at *2 (D.N.J. Jan. 4, 2022); *Ferriero*, 2020 WL 6701469, at *2. In other words, extraordinary circumstances may be sufficient to justify early termination of a term of supervised release, but they are not necessary for such a termination. *Melvin*, 978 F.3d at 53; *United States v. McClamma*, 676 F. App'x 944, 947 (11th Cir. 2017) ("New or unforeseen circumstances can justify a modification, but such circumstances are not necessary."); *Parisi*, 821 F.3d at 347 (recognizing that "changed circumstances may in some instances justify a modification" of a term of supervision). Nonetheless, "'generally, early termination of supervised release under § 3583(e)(1)' will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." *Melvin*, 978 F.3d at 53 (quoting *Davies*, 746 F. App'x at 89); *United States v. Baptiste*, No. 98-207, 2025 WL 871520, at *1 (E.D. La. Mar. 20, 2025) (noting that early termination is generally warranted "only in cases where the defendant shows changed

circumstances, such as exceptionally good behavior" (quoting *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013))); *Smith*, 2014 WL 68796, at *1.

Here, Johnson contends that he successfully completed his term of incarceration without any incident reports or disciplinary infractions and that he took meaningful steps toward rehabilitation, namely by obtaining his GED and successfully completing the Residential Drug Abuse Program ("RDAP"). Johnson also stated that following his release from imprisonment, he has remained fully compliant with all conditions of supervised release, has been employed full-time, has enrolled in a program to obtain his commercial drivers license ("CDL"), and has maintained negative drug tests. In addition, Johnson asserts that early termination would allow him to "pursue employment opportunities requiring travel upon obtaining his CDL, reconnect with family during important life events, and obtain a passport for necessary medical treatment abroad."

Johnson's Probation Officer in the Southern District of Texas confirmed that Johnson completed a substance abuse and mental health assessment on May 16, 2025, which did not recommend further treatment. Probation further verified that Johnson has maintained employment, has paid his $100 special assessment in full, and has not had any documented compliance issues to date. Additionally, Probation notes that Johnson scored as a Low-Moderate Risk/Category 1 for recidivism and violence on the Post Conviction Risk Assessment ("PCRA") Scale.

Courts have often denied requests for early termination of supervised release based on a defendant's desire to travel for business purposes or to visit family, especially when the destination is abroad. *See United States v. Nykoriak*, 803 F. App'x 919, 920 (6th Cir. 2020) (travel to

Ukraine to visit ill uncle, attend religious ceremony, and respond to legal proceedings concerning inheritance); *George*, 534 F. Supp. 3d at 927-28 (travel to pursue international professional basketball opportunities); *Ferriero*, 2020 WL 6701469, at *2-3 (travel to Turkey); *Luna*, 2018 WL 10156108, at *2 (unsupervised travel to Mexico by convicted drug trafficker); *Whittingham v. United States*, No. 13-cv-7738 (RJS), No. 12-cr-0971 (RJS), 2017 WL 2257347, at *6 (S.D.N.Y. May 22, 2017) (travel to Jamaica to visit family); *Shellef*, 2018 WL 3199249, at *2 (travel abroad for business); *United States v. Robinson*, No. 2004-005, 2016 WL 3702961, at *10 (D.V.I. July 7, 2016) (travel to birth country of Dominica to be with 89-year-old grandmother and to pursue business opportunities and political aspirations); *see also Lynn*, 2022 WL 2446328, at *2 (travel to France, Greece, and the Rocky Mountains).

A defendant's failure to provide concrete information "demonstrating lost potential business opportunities due to his travel restrictions" typically results in denial of his request for early termination of supervised release, particularly where Probation already permits domestic travel with prior approval. *See United States v. Olivieri*, 72 F. Supp. 3d 401, 403-04 (S.D.N.Y. 2014) (traveling outside the district for employment purposes, where Probation had previously granted every domestic travel request the defendant submitted); *see also United States v. Coleman*, No. 15-543, 2021 WL 4940979, at *3 (E.D. Pa. Oct. 22, 2021) (traveling for both business and charitable work, where the defendant failed to provide "specific examples" of instances where he was "denied permission to travel . . . for purposes that are legitimately related to his professional or charitable endeavors"); *United States v. Black*, No. 10-CR-303-A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013) (traveling for business reasons, where the defendant "report[ed] no specific instance when the travel-approval process has had a concrete negative effect on his

business"); *see also United States v. Lagone*, No. 10-CR-818 (JFB), 2017 WL 606016, at *4 (E.D.N.Y. Feb. 15, 2017) (denying early termination in part because the defendant "merely generally contended that early termination would bolster his job prospects" and did not provide more detailed information); *United States v. Gonzalez*, No. 94-cr-0134 (JSR), 2015 WL 4940607, at *1-2 (S.D.N.Y. Aug. 3, 2015) (refusing to grant early termination where the defendant failed to "establish[ ] that the terms of his supervised release pose[d] any hazard to his employment" and did not "explain[] how the terms of his supervised release [had] 'even [] an intangible impact' on his employment" (quoting *United States v. Black*, No. 10 Cr. 303-A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013))); *United States v. Ogele*, No. CR 06-546 PJH, 2012 WL 6035537, at *2 (N.D. Cal. Dec. 4, 2012) (refusing to grant early termination in part because the defendant "offer[ed] no details of prospective business opportunities" and failed to "explain why fulfilling his term of supervised release would inhibit his ability to make a reasonable living"). In this instance, the court finds that Johnson's desire to travel both within the State of Texas and out-of-state in relation to his prospective employment as a CDL driver does not justify early termination of his supervised release, especially when there is no indication that Probation would not authorize travel beyond the geographical area permitted by his conditions of supervised release. *See Lynn*, 2022 WL 2446328, at *2. At this time, there is no evidence that Johnson has secured employment as a CDL driver, much less any information on his assigned routes of travel. Thus, any speculative limitations imposed on his future travel needs by his supervised release conditions provide no basis for relief.

Similarly, Johnson does not identify the type of "medical treatment" he intends to seek abroad. Johnson does not explain how his supervised release interferes with his access to medical

care. Nor does he contend that he has previously requested permission to travel domestically or abroad to obtain medical treatment and was denied leave. Accordingly, Johnson fails to provide sufficient information and evidence of his desired medical treatment needs to allow the court to evaluate this basis for relief. Although *pro se* motions are entitled to liberal construction, "*pro se* litigants are still required to provide sufficient facts in support of their claims." *Frazier v. Morris*, No. 2:11CV104-MPM-DAS, 2014 WL 4686723, at *4 n.17 (N.D. Miss. Sept. 18, 2014) (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)); *accord Chow v. United States*, No. 20-30503, 2021 WL 3438365, at *2 (5th Cir. Aug. 5, 2021) ("Although we liberally construe the briefs of *pro se* litigants, arguments must be briefed in order to be preserved."); *United States v. Ford*, No. CR 21-16-SDD-RLB, 2024 WL 4993385, at *3 (M.D. La. Dec. 5, 2024); *United States v. Obregon*, No. CR H-18-533-2, 2023 WL 4494353, at *1 (S.D. Tex. July 10, 2023).

In sum, Johnson presents no new or exceptional circumstances or needs that would merit early release from supervision. He fails to explain how the conditions of his supervised release limit his employment opportunities, interfere with his family responsibilities, prevent him from obtaining medical care, or otherwise impact his daily life in a significant manner. At this time, Johnson has served less than sixteen months of his three-year term of supervised release. While Johnson's achievements to date should be commended, continuing him on supervision will provide him the best opportunity for a successful reentry in view of his prior involvement in crimes involving drug distribution. The nature and circumstances of Johnson's offense of conviction entail his participation in a conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of methamphetamine. Johnson agreed that he sold approximately 195 grams of d-methamphetamine hydrochloride ("Ice") for $1,800 on one

occasion. In addition, Johnson's criminal history includes prior convictions for possession of marijuana (3x), unlawfully carrying a weapon, and unlawfully carrying a weapon on alcohol premises. Moreover, Johnson was on probation at the time of the instant offense. Probation also observes that a Petition for Action on Conditions of Pretrial Release was filed in this case on September 9, 2021, after Johnson was arrested for Driving While Intoxicated and Unlawfully Carrying a Weapon (firearm). Further, Johnson has a history of poly-substance abuse.

Requiring Johnson to complete his entire three-year term of supervised release safeguards against the reoccurrence of criminal activity and drug use, while imposing only a limited burden on Johnson. Thus, although Johnson appears to be on the right path, the court believes that completion of his full term of supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides needed structure for his continued rehabilitation. *See Lynn*, 2022 WL 2446328, at *4. "Supervised release is meant as a safety net to support reentry into the community." *Bondy*, 2026 WL 1282742, at *3. In this instance, there is no reason to terminate this safety net prematurely as to Johnson.

III. Conclusion

In accordance with the forgoing analysis, Johnson's *pro se* Motion for Early Termination of Supervised Release (#493) is DENIED.

SIGNED at Beaumont, Texas, this 2nd day of September, 2026.

Marcia A. Crone

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE